**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **-v-**　　　　　　　　　　　　　　　　　　　　　　**17-CR-74-WMS**

**ERIC TAYLOR,**

        **Defendant.**
_____


## REPORT, RECOMMENDATION, AND ORDER

        Defendant Eric Taylor ("defendant") is charged in a single-count Indictment with engaging in a conduct which caused bodily harm to a victim with intent to retaliate against the victim for giving information to law enforcement relating to a possible federal offense in violation of 18 U.S.C. § 1513(b)(2). Dkt. No. 1. This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. No. 3.

        On September 15, 2017, defendant filed an omnibus motion seeking, among other things, to exclude evidence that the victim of the charged crime identified him from a photo array or, in the alternative, for a hearing on the matter. Dkt. No. 20. At an appearance on October 18, 2017, I denied defendant's omnibus discovery demands as moot and scheduled oral argument on his motion to exclude. Minute Entry for 10/18/2017; Dkt. No. 25. Oral argument was conducted on November 17, 2017, at which time I took defendant's motion under advisement. For the following reasons, I

RECOMMEND that the defendant's motion to exclude the identification evidence or for a hearing be DENIED.

**MOTION TO EXCLUDE IDENTIFICATION EVIDENCE OR FOR A WADE HEARING**

It is now well-established that evidence of "[a] prior identification will be excluded only if the procedure that produced the identification is 'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" *United States v. Salameh,* 152 F.3d 88, 125 (2d Cir. 1998) (quoting *United States v. Simmons,* 923 F.2d 934, 950 (2d Cir.1991)). When a defendant challenges a pretrial identification, the court must engage in a sequential "one- or two-step inquiry." *United States v. Williams*, No. 13 CR. 580 JMF, 2014 WL 144920, at *1-3 (S.D.N.Y. Jan. 15, 2014). First, it must determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator. *United States v. Maldonado-Rivera,* 922 F.2d 934, 973 (2d Cir.1990). If they were not unduly suggestive, the prior identification is, as a general rule, "admissible without further inquiry into the reliability of the pretrial identification." *Id.; see also Raheem v. Kelly*, 257 F.3d 122, 133-34 (2d Cir. 2001) (holding that identification procedures which are not unduly suggestive do not violate due process by being admitted into evidence, and ultimately, the reliability of the eyewitness identification is a matter for the jury). If the pretrial procedures were unduly suggestive, the court must take a second step and "weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." *Maldonado-Rivera,* 922 F.2d at 973.

2

"The fairness of a photographic array depends on a number of factors, including the size of the array, the manner of presentation by the officers, and the array's contents."  *Maldonado-Rivera*, 922 F.2d at 974.  When there is nothing inherently prejudicial about the challenged photo array, such as the use of a very small number of photographs, the "principal question" becomes "whether the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs as to 'suggest to an identifying witness that [that person] was more likely to be the culprit.'"  *Jarrett v. Headley,* 802 F.2d 34, 41 (2d Cir. 1986) (quoting *United States v. Archibald,* 734 F.2d 938, 940 (2d Cir.1984)).  The defendant cannot, for example, be the only candidate that matches the witness's description of the perpetrator.  *See, e.g., United States v. Eltayib*, 88 F.3d 157, 166 (2d Cir. 1996) (finding a photo array unduly suggestive where the defendant, who was described by the witness as having "real bushy hair, [or] afro-type hair," was the only person in the array whose hair was not cropped out); *United States v. Fernandez,* 456 F.2d 638, 641-42 (2d Cir. 1972) (holding that a six-photo array was impermissibly suggestive where only one of the six photos even "remotely resemble[d]" the description of the perpetrator).

A defendant "may not baldly request" a hearing into the circumstances of a pretrial identification procedure — commonly referred to as a *Wade* hearing — to determine the admissibility of the identification.  *United States v. Berganza,* No. S(4) 03 CR. 987(DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005); *see, generally, United States v. Wade*, 388 U.S. 218 (1967).  Rather, a defendant must instead "allege facts supporting his contention that the identification procedures used were impermissibly

3

suggestive" and "make a 'threshold showing' of suggestiveness" to be entitled to a *Wade* hearing. *Id.; see also United States v. Montalvo*, No. 11-CR-00366-RJA-JJM, 2014 WL 3894377, at *6 (W.D.N.Y. Apr. 16, 2014) (recognizing that no *per se* rule requires a court to hold a *Wade* hearing and citing cases holding that a defendant must show undue suggestiveness to justify such an evidentiary hearing); *United States v. Swain,* No. S408 Cr. 1175(JFK), 2011 WL 4348142, at *7 (S.D.N.Y. Aug. 16, 2011) (holding that a defendant is not entitled to a hearing where his "suggestion of impropriety in the presentation of a photo array is mere speculation"); *United States v. Adeniyi,* No. 03 Cr. 86(LTS), 2003 WL 21146621, at *3 (S.D.N.Y. May 14, 2003) (denying defendant's motion without a hearing where he failed to proffer "any information indicating that there were irregularities in the presentation of the arrays").

Having reviewed the moving papers, I find that defendant has failed to make a threshold showing that the identification procedures used by the government were unduly suggestive. As an initial matter, defendant offers no legitimate grievance about the size of the array or the manner in which the officers presented the array that made it more likely that the witness would select the defendant. Instead, defendant argues generally that the photo array "unfairly and improperly highlights my photo." Dkt. No. 28, p. 2. I do not agree. The photo array depicts six men, all of whom are African American and within the same age range. Dkt. No. 28-3, p. 2. Compared with a smaller photo array containing, for example, two photos, a six-photo array does not present an inherent "substantial likelihood of irreparable identification." *United States v. Keith*, 183 F. Supp. 3d 427, 434 (S.D.N.Y. 2016) (quoting *Brisco v. Ercole*, 565 F.3d 80, 88 (2d Cir. 2009)).

This Court notes that the background of defendant's photo is lighter and depicts him with his teeth visible unlike the other men in the array. Dkt. No. 28-3, p. 2. That the quality of defendant's picture is slightly different than the others, however, does not render the array impermissibly suggestive. *See, e.g., United States v. Mickens*, 926 F.2d 1323, 1329 (2d Cir. 1991) (holding that "the fact that [defendant's] picture was the only photocopy in the array [was] insignificant"). Moreover, defendant has not alleged that the witness described the suspect's teeth as a defining characteristic. In this regard, the fact that defendant's was the only photo depicting a man with his teeth showing did not make it more likely that the witness would select him as the culprit. *Compare Eltayib*, 88 F.3d at 166; *and Fernandez*, 456 F.2d at 641-42. Because defendant has not made any showing that the photo array unduly influenced the witness, defendant's motion to exclude the identification evidence or for a hearing should be denied.

Defendant next argues that the victim witness did not know defendant at the time she made her identification of him. Dkt. No. 28, p. 1. This challenge does not implicate the fundamental fairness of the identification procedure used with the witness so much as it attacks the witness' conclusion that defendant was the person who lured her to the scene of her assault. Whether defendant was in fact the person who escorted the victim witness to the scene of her attack is a separate matter from whether the witness was unduly influenced into identifying the defendant by law enforcement. In the former situation, "the reliability of the identification evidence can be ensured through the time-honored process of cross-examination — the device best suited to determine the trustworthiness of testimonial evidence." *Swain,* 2011 WL 4348142, at *7 (internal quotation marks omitted); *see also Jarret*, 802 F.2d at 42 (holding that absent suggestive

influence by law enforcement, the reliability of an eyewitness identification is a matter for the jury alone to consider).  This Court has already concluded that the photo array was not so suggestive as to violate defendant's due process rights.  As such, it need not hold a hearing or reach the issue of whether there is an independent basis for the witness' identification.

## CONCLUSION

For the foregoing reasons, I RECOMMEND that defendant's motion to exclude identification evidence or for an evidentiary hearing (Dkt. No. 20) be DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation, and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation, and Order in accordance with Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which

objection is made and the basis for such objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The District Judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the Magistrate Judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

SO ORDERED.

DATED: Buffalo, New York
February 1, 2018

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**